ried out, does not constitute such fraud as will take the case out of the rule.

The plaintiff's theory of his cause of action is neither of the foregoing, but he contends that the contract of rescission was obtained by fraud and is therefore void, and that the original contract is still in force and that the defendant has breached it by refusing to accept further deliveries. This contention is not well founded, for, as pointed out above, a promise to do something in the future which is not carried out is not the kind of fraud which will invalidate a contract, nor is it a misrepresentation of a material fact. To sustain the plaintiff's position would be to open the door to the defeat of any novation, because, if a breach should occur in the new contract, the injured party could in every case, at his option, disregard his novated contract and recover on the original contract.

Judgment may be entered accordingly.

Paul L. Ross, of New York City, for plaintiff.

Nemeroff, Jelline, Danzig & Paley, of New York City, for defendant.

RIFKIND, District Judge.

Application by the plaintiff for an injunction pendente lite restraining alleged violations of M.P.R. 574, relating to cattle and calves. Defendant has presented an affidavit showing that 18% of the cattle slaughtered during the accounting period were purchased prior to the effective date of the Regulation. Plaintiff has not controverted this assertion. Consequently, it is by no means clear or even probable that a violation of the Regulation has occurred. Under the circumstances, plaintiff has not shown a right to interlocutory relief. It may be that plaintiff can present facts which would establish the violation; and, if for any reason this case cannot be brought promptly to trial, the plaintiff, in view of the large public interest involved, should have an opportunity to renew his application.

The motion is denied, therefore, without prejudice to renewal upon appropriate affidavits.

## BOWLES v. DAVID BERNSTEIN, Inc.

District Court, S. D. New York.
June 12, 1945.

## BOWLES, Price Adm'r, OPA, v. BEN SCHATTEN, Inc.

District Court, S. D. New York.
June 12, 1945.